# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **STRUCTURAL SPECIALITIES, INC.,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:06-cv-58 (HL) |
| **EMPLOYERS MUTUAL CASUALTY COMPANY,** | : | |
| Defendant. | : | |

## ORDER

Before the Court is a Motion to Compel (Doc. 20) filed by Plaintiff Structural Specialties, Inc. ("Structural Specialities"). For the reasons set forth below, the Motion is granted in part and denied in part.

**I.     FACTS**

This case arises from a fire loss suffered by Plaintiff and revolves around a disagreement about whether an enforceable settlement existed between Structural Specialties and Defendant Employers Mutual Casualty Company ("Employers Mutual"). The parties in this case are currently embroiled in a discovery dispute that first came to the Court's attention when Structural Specialties filed a "Motion for Teleconference with Judge" (Doc. 17). That Motion described problems counsel were encountering that included scheduling the depositions of certain individuals as well as Plaintiff's accusation that Defendant had

1

failed to supply certain supplemental discovery information. Shortly before the conference call scheduled by the Court to discuss these matters began, Employers Mutual submitted additional materials to Structural Specialties. During the call, the problematic depositions were rescheduled. Finally, the discovery deadline was extended until April 18, 2007, and the parties were instructed to inform the Court if any further disputes arose. (Doc. 19.) Sure enough, a few days later Structural Specialities filed the instant Motion (Doc. 20), in which it complained about four outstanding discovery matters. Employers Mutual filed a Response (Doc. 21), and Structural Specialties filed a Reply (Doc. 22).

## II.    STANDARDS

During discovery, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Furthermore, "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. However, a court is empowered to limit discovery, especially if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C). The Federal Rules of Civil Procedure allow a party to move to compel an answer to an interrogatory or production of documents. Fed. R. Civ. P. 37(a). The party moving to compel discovery must include a certification that it has in good faith conferred or attempted to confer with the resisting party in an effort to secure the disclosure without court action. Fed. R. Civ. P. 37(a)(2)(A)-(B).

## III.   ANALYSIS

**A.    Interrogatory No. 7**

Plaintiff's Interrogatory No. 7 asks Defendant to identify all claims ever made against Employers Mutual for its bad faith refusal to settle a claim in any judicial or quasi-judicial proceeding, and with respect to each, to state: (1) the court or other authority; (2) the case number or other means of identification of the proceeding; (3) the identity of all other parties; and (4) the disposition (including the date) or the current status of the matter. Employers Mutual objects that this interrogatory is overly broad and complains that it is not limited by time or geography. Employers Mutual also expresses a concern that the phrase "bad faith refusal to settle" is too broad and undefined. Structural Specialties replies that it would be willing to limit the time frame and geography[1] for the requested records,[2] but points out that according to documentation submitted by Defendant, the records of such complaints are readily accessible. Having considered both parties' positions, the Court directs Employers Mutual to answer the interrogatory within the limited scope of (1) the last five years and (2) the contiguous 48 states.

**B.    Interrogatory No. 8**

Plaintiff's Interrogatory No. 8 asks Defendant to "identify all claims, disputes and investigations conducted by any governmental entity, including but not limited to the Georgia

---

[1] Structural Specialties specifically offered to limit the scope of its request to the past five years. (Doc. 22 at 2.) Plaintiff did not provide any suggestion about an appropriate geographic limitation.

[2] Structural Specialties certifies that it made a good faith effort to contact Employers Mutual to resolve this conflict, as well as the others discussed in this Motion, but that its effort was ignored.

Insurance and Fire Safety Commissioner, against or into Employers Mutual Casualty Company." Again, Employers Mutual objects that the request is too broad in scope and lacks any time or geographical limitations. Having considered both parties' positions, the Court directs Employers Mutual to answer the interrogatory within the limited scope of (1) the last five years, (2) the contiguous 48 states, and (3) investigations that relate to allegations of breach of contract, breach of settlement and bad faith.

### C. The Employment Records of Terry Hardesty

Plaintiff's Request for Production No. 3 seeks to discover the employee file of Terry Hardesty ("Hardesty"), one of the insurance adjusters involved in this case. Structural Specialties argues this file is relevant for its impending deposition of Hardesty, and notes that its request excludes any information in the file that reflects Hardesty's medical history or wage information. Employers Mutual objects to the request, arguing that the file is irrelevant to the core question in the case: whether a meeting of the minds was reached on the proposed settlement. Having considered both parties' positions, the Court directs Employers Mutual to produce Hardesty's employment file, minus any medical history or wage information, at least 24 hours prior to his deposition. The Court is willing to revisit the admissibility of this file at a later date, should the matter be broached and relevant.

### D. The Diary Entry of September 19, 2005

Although Structural Specialities complained that a September 19, 2005 diary entry from Hardesty had not been produced, Employers Mutual responded that it was, in fact, produced. Structural Specialties' Reply did not dispute this contention in its Reply, therefore

the Court concludes Plaintiff is abandoning this portion of its Motion. As such, Structural Specialities' Motion, as it relates to the production of the September 19, 2005 Hardesty diary entry, is denied as moot.

IV. **CONCLUSION**

Structural Specialties' Motion to Compel (Doc. 20) is granted in part and denied in part.[3] The parties are admonished by the Court that it would greatly prefer they settle discovery disputes in the future without Court involvement.

**SO ORDERED**, this the 11th day of April, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

pdl

---

[3] The Court notes that Structural Specialties did not move for sanctions, nor does the Court believe sanctions are warranted in this matter. Although the Court granted Plaintiff's Motion in part, it also finds Employers Mutual's nondisclosure and objections were substantially justified. Accordingly, no expenses or sanctions are awarded.